UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civ. Action No. 07-1873 (KSH) |
| TONI CRUZ, | |
| Defendant | **Opinion** |

**KATHARINE S. HAYDEN, U.S.D.J.**


The United States has moved for default judgment against defendant Toni Cruz on its action for treble damages and civil penalties under the False Claims Act. Its lawsuit was filed on April 20, 2007 and summons was served on May 23, 2007. After Cruz failed to answer, the United States requested entry of default, which happened on June 14, 2007. On June 27, 2007 this Court issued a letter order directing government counsel to move for default judgment.

**The Default Judgment Motion**

The motion was filed on July 10, 2007 and sought a money judgment against Cruz for $43,000.00, representing an award of treble damages under the False Claims Act less the amounts Cruz had paid to date under a settlement agreement with the United States finalized in February, 2006. The settlement agreement provided that Cruz pay the United States $62,000, in two equal installments, in settlement of all claims by the United States and its subdivisions with regards to the purchase of property through the "Office Next Door" sales program ("OND Sales Program"). (Compl. ¶ 6.) Payments were due at signing and on or before June 15, 2006. The lawsuit was filed because Cruz had not paid her obligation under the agreement on time. Instead, she had paid $50,000.00 as of August 24, 2006, so a balance of $12,000.00 was outstanding.

This Court set down a return date of September 7, 2007 for the default judgment motion. Assistant United States Attorney ("AUSA") Rudolph Filko appeared and defendant Cruz appeared *pro se*. By the time the Court took the bench it appeared that Cruz had told AUSA Filko that she had

paid the $12,000.00 outstanding under the agreement.  The Court instructed AUSA Filko to determine through a phone call to the Financial Litigation Unit of the United States Attorney's Office ("FLU") whether this was so, as it appeared he disputed Cruz's representations.  Based on this phone call, the Court learned, and it appears AUSA Filko learned for the first time that on June 15, 2007, Cruz had remitted $12,000.00 to the United States, and so she was paid up, albeit late.

Nonetheless, the United States has pressed its position in the complaint, to wit that a recovery of $43,000.00 is appropriate, reduced now by the $12,000.00 paid, electing the second of its two options under the settlement agreement, which were either to declare the balance due and payable at 18% interest compounded daily, or file a civil action alleging Cruz is liable for any and all violations of the False Claims Act that are referenced in the settlement agreement. In moving for default judgment the United States argues that by virtue of Cruz's default on the complaint, all of the well-pled allegations therein are deemed admitted.

*Factual Background*

In December, 1999, Cruz closed on a residential property she purchased through the OND program administered by the Department of Housing and Urban Development (HUD).  At the time, she was a lieutenant with the Hoboken Police Department and thereby eligible to purchase certain real estate in disadvantaged neighborhoods through HUD.  As described in the Federal Register,

> [o]ne of HUD's major goals is to use its resources in a manner that enhances the general well-being of American communities.  A critical component of the Nation's housing policy is promoting safe neighborhoods.  One means of furthering this policy is to create homeownership opportunities for law enforcement officers, charged with the responsibility of ensuring the safety and well-being of residents, in the communities they serve.  A second means is to help promote safe neighborhoods by furthering the community policing efforts being made by numerous cities.  In order to support these efforts, HUD developed the Officer Next Door Sales Program (OND Sales Program).

64 C.F.R. § 36210 (1999).

Under the OND program, according to the complaint, Cruz received a 50% discount in the purchase price of residential real estate located in Jersey City, paying $31,000.00 for it.  OND purchases have restrictions:  the buyer must use the property as the principal residence for at least three years from date of closing and agree not to resell it during the three year period.  Cruz signed paper certifying she would honor the restrictions.  According to the complaint, Cruz owned a principal residence in Carteret at the time she purchased the HUD property, rendering her ineligible for the HUD purchase, and she did not use the HUD property as her principal residence during the years she owned it.  According to the complaint, she sold it in on January 21, 2004 for $200,000.00.

In his September 11, 2007 declaration, AUSA Filko states that it is "undisputed that the plaintiff [the Court assumes he means the defendant] 'flipped' the subject HUD property and sold it for $200,000 on January 21, 2004 which is $169,000 more than she paid when she fraudulently purchased it from HUD." (Filko Decl. 3 fn. 1)  A land-flip involves purchasing property below market value, making needed repairs, and swiftly reselling the property for a profit.  Cruz admits she

owned another property, and at the hearing offered explanations based on family issues for what happened during the time she owned the HUD property, which she did fix up and sell at a higher price. It does not appear that she acted "swiftly" or that she was in the business of flipping real estate.

### *Oral Argument on Motion for Default Judgment*

As indicated, Cruz appeared *pro se* on the return date of the default judgment motion. At argument, after the Court heard from Cruz, AUSA Filko sought to correct the record and pointed out that Cruz was misinforming the Court that she sold the property for $72,000.00, when the sales price was actually $200,000.00. The Court had understood Cruz to represent that $72,000.00 was the selling price and expressed concern that Cruz was not being candid. The Court did not rule on the motion, and invited AUSA Filko to submit a certification of attorney services and calculate interest on the late payments.

Since then, Cruz has written the Court (Docket entry # 9) seeking to clarify any misunderstandings. She confirms thatshe sold the property for $200,000.00 and "net grossed approximately seventy two thousand dollars ($72,000), . . . My profit was approximately $10,000.00 . . . ." (presumably, this number is based on the difference between $72,000.00 and the damages of $62,000.00).

By the time Cruz's letter arrived, the Court had figured out where the misunderstanding lay, and is satisfied that there was a confusion between price of sale and what Cruz "net grossed." The Court accepts Cruz's clarification, and does not find that she made misrepresentations or was seeking to mislead the Court.

### *Decision on Motion for Default Judgment*

The detour created by the confusion does offer this opportunity for the Court to review, in writing, what transpired and consider anew its impression when the parties were before the Court, that essentially "enough is enough." Between the purchase price and the damages the settlement called for, Cruz has paid $93,000.00 to the United States for property that she held for 37 months and spent time and money fixing up. As part of that $93,000.00, she was paying back $62,000.00 out of her profits of $72,000.00. The issue is whether her belated final payment requires further penalizing.

The confusion at oral argument—whether or not Cruz had paid, the surprise to the United States that indeed she had, and then whether or not she was misleading the Court—aside, what is clear out of all this is Cruz was late paying the final $12,000.00. It is not clear that the first $50,000.00 was paid in strictly timely fashion; indeed, the United States admits that a payment was made on August 24, 2006, without incident. Cruz represents that she will pay "what the court finds suitable in this matter" within two weeks to avoid a negative judgment on her credit report. The Court will award interest at 18% *per annum* on the $12,000.00 that remained outstanding on that date, August 24, 2006, to June 15, 2007, and a portion of the attorney's fees certified by AUSA Filko. which comes to . Cruz shall pay to the United States, then, $ 1752.32 in interest, plus attorney's fees

of $ 942, representing one-half of the attorney's fee award sought by the United States, for a total payment of $ 2694.32.[1]  Good cause appearing,

It is on this 26th day of September, 2007

**ORDERED** that judgment in favor of the United States in the amount of $ 2694.32 is entered, to be paid within 20 days.

Dated:  September 26, 2007                                            /s/ Katharine S. Hayden

                                                                                      Katharine S. Hayden
                                                                                      United States District Judge

---

[1] The fee award requested is certainly not inflated, but the Court does not believe that the same amount of time would have been expended had Cruz's June 2007 payment been posted and noted as it should have been.

4